IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**FRANK SKINNER,**

        **Plaintiff,**

v.                                                        2:07 CV 77
                                                                                   (Maxwell)

**UNITED STATES OF AMERICA, et al.,**

        **Defendants.**


## ORDER

It will be recalled that on November 11, 2005, *pro se* Plaintiff Frank Skinner initiated the above-styled civil action by filing a civil rights complaint in the United States District Court for the District of Columbia pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Additionally, the Plaintiff also brought the action pursuant to 28 U.S.C. §§ 2671-80, the Federal Tort Claims Act. As Defendants, the Plaintiff named the United States of America; the Federal Bureau of Prisons; and the following ten individual Bureau of Prisons employees in both their official and personal capacities: Harley Lappin, BOP Director; Mr. Ramirez, BOP Clinical Director; Kim White, BOP Mid-Atlantic Regional Director; G. Maldonado, Warden USP Atlanta; Assistant Warden Yark, USP Atlanta; Mahmoud Ittayem, Supervisory Assistant USP Atlanta; Richard Craig, Correctional Counselor USP Atlanta; Al Haynes, Warden USP Hazelton; Vandhna Puri Sharma, Health Services Administrator USP Hazelton; and Harold Boyles, Assistant Health Services Administrator, USP Hazelton.

On April 10, 2006, the Defendants filed a Motion To Dismiss, Or, In The Alternative, To Transfer Venue. In response, the United States District Court for the District of Columbia entered the equivalent of a Roseboro Notice on April 11, 2006.

By Order entered March 6, 2007, the United States District Court for the District of Columbia denied the Defendants' Motion To Dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue and transferred the above-styled civil action to the United States District Court for the Southern District of Illinois[1].

Following the transfer of the above-styled civil action to the United States District Court for the Southern District of Illinois, the parties were Ordered to show cause why said action should not be transferred to either the United States District Court for the Northern District of Georgia or the United States District Court for the Northern District of West Virginia. The parties were also directed to indicate which of those two districts would provide the more appropriate venue. By Order entered September 18, 2007, the United States District Court for the Southern District of Illinois transferred the above-styled civil action to this Court.

Upon transfer to this Court, the above-styled civil action was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

On July 1, 2009, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Plaintiff's Bivens Complaint against Defendants United States of America; the Federal Bureau of Prisons; Deputy Director Harley Lappin; and

---

[1] It should be noted that as of March 6, 2007, the Plaintiff was incarcerated at FCI Greenville which is located in Greenville, Illinois.

Warden Haynes, be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief can be granted; that the Plaintiff's Bivens Complaint against Defendants Warden Maldonado; A.W. Yark; P.A.M. Ittayem; R. Craig; and Regional Director K. White be dismissed with prejudice for lack of personal jurisdiction; that the Plaintiff's Bivens Complaint against Defendants Clinical Director Ramirez; V. Puri; and D. Boyles be dismissed without prejudice for failure to exhaust administrative remedies; that the Plaintiff's Federal Tort Claims Act claim be dismissed without prejudice for failure to comply with W. V.a Code § 55-7B-6; that the Plaintiff's attempted counterclaim and third-party claims against R. McFadden; T.A. Banks; Health Service Administrator Deveza; B. Barton, M.D.; and David Robertson be dismissed with prejudice; and that the following pending Motions filed by the Plaintiff be denied as moot:

1. Motion For Deposition Before Action Or Pending Appeal (Docket No. 70);
2. Motion For Leave To Perpetuate Testimony (Docket No. 71);
3. Motion For Leave To Perpetuate Testimony (Docket No. 72);
4. Motion For Temporary Restraining Order And Injunction (Docket No. 74);
5. Motion For Preliminary Injunction (Docket No. 77);
6. and Motion To Compel (Docket No. 82).

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date they were served with copies of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Plaintiff's Objection To The Magistrate Judge Report And Recommendation

was filed on July 13, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on July 13, 2009, the Plaintiff filed his Objection To The Magistrate Judge Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Objection To The Magistrate Judge Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on July 1, 2009 (Docket No. 84), be, and the same is hereby, **ACCEPTED** in whole, and the Court hereby incorporates the findings of fact and conclusions of law made by Magistrate Judge Seibert in said Report And Recommendation. It is further

**ORDERED** as follows:

1. the Plaintiff's <u>Bivens</u> Complaint against Defendants United States of America; the Federal Bureau of Prisons;; Deputy Director Harley Lappin; and Warden Haynes, be, and the same is hereby, **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief can be granted;

2. the Plaintiff's <u>Bivens</u> Complaint against Defendants Warden Maldonado; A.W. Yark; P.A.M. Ittayem; R. Craig; and Regional Director K. White be, and the same is hereby, **DISMISSED with prejudice** for lack of personal jurisdiction;

3. the Plaintiff's <u>Bivens</u> Complaint against Defendants Clinical Director Ramirez; V. Puri; and D. Boyles be, and the same is hereby, **DISMISSED without prejudice** for failure to exhaust administrative remedies;

4. the Plaintiff's Federal Tort Claims Act claim be, and the same is hereby, **DISMISSED without prejudice** for failure to comply with W. V.a Code § 55-7B-6;

5. The Plaintiff's attempted counterclaim and third-party claims against R. McFadden; T.A. Banks; Health Service Administrator Deveza; B. Barton, M.D.; and David Robertson be, and the same are hereby, **DISMISSED with prejudice**; and

6. The following pending Motions filed by the Plaintiff be, and the same are hereby, **DENIED as moot**:

5

      a.      Motion For Deposition Before Action Or Pending Appeal (Docket No. 70);

      b.      Motion For Leave To Perpetuate Testimony (Docket No. 71);

      c.      Motion For Leave To Perpetuate Testimony (Docket No. 72);

      d.      Motion For Temporary Restraining Order And Injunction (Docket No. 74);

      e.      Motion For Preliminary Injunction (Docket No. 77); and

      F.      Motion To Compel (Docket No. 82).

In light of the dismissal of each of the claims of the Plaintiff's Complaint, it is further

**ORDERED** that each of the following pending Motions filed by the Plaintiff subsequent to the entry of Magistrate Judge Seibert's Report And Recommendation be, and the same are hereby, **DENIED as moot**:

1.      Motion To Alter Or Amend Judgment (Docket No. 98); and

2.      Motion For Production Of Documents For Inspection (Docket No. 101).

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and

the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** December  7 , 2009

                                                      **/S/ Robert E. Maxwell**
                                                      United States District Judge